UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CHERYL CLARK                                                                                                       PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:12CV-821-S

PSYBAR, LLC, et al.                                                             DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court for reconsideration of this court's denial of the motion of the plaintiff, Cheryl Clark, for remand of this action to the Jefferson County, Kentucky, Circuit Court (DN 5). Clark moves the court to consider a number of additional arguments in favor of remand offered in a supplemental brief. (DN 20). Defendant Psybar, LLC has responded to the arguments, and continues to oppose remand. For the reasons set forth herein, Clark's supplemental arguments are rejected and the decision denying remand will stand.

On November 1, 2012, Clark filed a complaint in the Jefferson Circuit Court against Psybar and Richard M. Kolbell, Ph.D., ABPP alleging that they were doing business in Kentucky and provided "medical (psychological) evaluation and opinion" concerning Clark. Compl., ¶¶ 11, 12. She alleges that since 1994 Clark's psychological condition rendered her disabled, as found by her employer and the Social Security Administration. Compl., ¶ 10. The defendants allegedly provided "a medical (psychological) evaluation and opinion" concerning Clark based solely on a "document review." Compl., ¶ 14. Clark alleges that "[a]t the time of the medical (psychological) evaluation and opinion, Psybar and Kolbell were not licensed to practice medicine in the Commonwealth of Kentucky. Similarly, Psybar and Kolbell were not licensed to practice psychology in the

Commonwealth of Kentucky." Compl., ¶ 13. Clark alleges that "for their own pecuniary gain, Psybar and Kolbell intentionally provided an opinion directly contrary to Mrs. Clark's interests." Compl., ¶ 16. Clark contends that the defendants' conduct constituted negligence, gross negligence and negligence *per se*, and she seeks "compensatory, equitable, and exemplary relief...in an amount to be determined by a jury at trial to include costs, interest, attorneys' fees, and such other relief as is just and appropriate." ¶¶ 25; 36-39.

Psybar filed a motion to dismiss in the state court on November 27, 2012, before counsel for Kolbell appeared in the case. No response was filed to Psybar's motion to dismiss, nor was that motion decided by the state court. On December 7, 2012, Kolbell removed the action to this court under our diversity jurisdiction. Kolbell indicated Psybar's consent to removal in its Notice of Removal signed by Kolbell's counsel.

On December 17, 2012, Clark filed a motion to remand the action to state court on the ground that the Notice of Removal was insufficient to establish that the amount in controversy exceeds $75,000.00.[1] Kolbell responded to the motion, urging that the amount in controversy requirement had been met. Psybar did not file a response, apparently relying on the argument of Kolbell addressing the question of the amount in controversy.

After he filed his response, Kolbell entered into a stipulation with Clark that he would consent to remand if Clark stipulated that she would not seek or obtain a judgment against Kolbell in excess of $74,999.00. Clark filed the stipulation and notice of withdrawal of Kolbell's objection as exhibits to her reply in further support of her motion to remand.

---

[1]No issue was raised as th the citizenship of the parties. It appears to be undisputed that Clark is a Kentucky citizen, Dr. Kolbell is a citizen of Oregon, and Psybar is a citizen of Minnesota and Florida.

Immediately upon the filing of the reply and notice of Kolbell's withdrawal of his objection, Psybar filed a motion for leave to file a sur-response in opposition to the motion to remand. The court deemed this motion as one for leave to file a late opposition to remand, and permitted the filing. The court then considered the motion to remand and opposition to it. The court found it established that the amount in controversy more likely than not exceeds $75,000.00, and denied the motion to remand. DN 19.

Clark filed a motion for reconsideration of the denial of her remand motion, raising two arguments. She contends that Psybar failed to properly join in the removal petition, and that Psybar's filing of a motion to dismiss in state court waived its right to remove the action. Both arguments are without merit.

First, the court finds that Clark waived the argument that Kolbell's removal should be found defective in light of the rule of unanimity. Any argument that there was a lack of unanimity among the defendants in the removal of the action should have been raised within thirty days of removal. *Loftis v. UPS*, 342 F.3d 509, 516-517 (6th Cir. 2003). Unanimity was raised for the first time in Clark's motion for reconsideration of the court's denial of remand. This motion raising wholly new and unexplored grounds for remand, was made eight months after removal.[2] This argument is well out of time.

In any event, Clark is also incorrect on the merits of the unanimity argument. As stated in *Harper v. AutoAlliance International, Inc.*, 392 F.3d 195, 201 (6th Cir. 2004), "...the attorney for AutoAlliance, AAI and Childress was bound by Rule 11 when she represented to the district court

---

[2]Contrary to Clark's contention, *Loftis* does not support the form of "relation back" argument she suggests. The filing of Clark's initial motion to remand within thirty days of removal does render later supplemental arguments timely under any reading of *Loftis*. Indeed, the quotation offered by Clark relates to an assertion of lack of unanimity by a *codefendant* who objected to removal from the outset, and subsequently filed a motion to remand.

that Kelly consented to the removal. Nothing in Rule 11, however, required Kelly of his attorney to submit a pleading, written motion, or other paper directly expressing that concurrence or prohibited counsel for the other defendants from making such a representation on Kelly's behalf." Kolbell averred that the removal was "with the consent of Defendant PsyBar, LLC..." (DN 1). Thus there was unanimity in the removal of the action to this court.

Second, the court finds that PsyBar and did not waive its right to remove the action by filing a motion to dismiss in the state court. As noted, the motion was filed prior to the appearance of counsel for Kolbell. No response was filed to the motion, no hearing was held, and no decision was rendered. The mere filing of a defensive pleading, even one which might result in a merits adjudication and dismissal of the action, does not invoke a waiver. *Hughes v. UPS Supply Chain Solutions,* Inc., 815 F.Supp.2d 993 (W.D.Ky. 2011); *citing Bedell v. H.R.C.*, *Ltd*., 522 F. Supp. 732, 738 (E.D.Ky. 1981). The court in *Bedell* stated:

> It may now be considered well settled that..."actions which are preliminary and not conclusive in character and which do not actually submit the merits of a claim for a binding decision do not constitute a waiver of defendant's right to remove..." This court adopts the view that although waiver of the right of removal is possible, "the defendant's intent (to waive) must be clear and unequivocal..." Waiver will not occur by defensive action in the state court, short of proceeding to an adjudication on the merits...Although, waiver will occur if the defendant files a permissive pleading seeking affirmative relief or takes affirmative action resulting in an adjudication on the merits of an issue which could result in the dismissal of the action in whole or in part,... the mere *filing* in the state court of a pleading raising a defense which might be conclusive of the merits is insufficient for waiver. There must be further action on the part of the defendant resulting in a decision on the merits of the defense..."

*Bedell*, 522 F.Supp. at 738 (emphasis in original; citations omitted).

The motion dismiss having gone no further than the filing of the motion, PsyBar did not waive the right to remove the action to this court.

Motion having been made and for the reasons set forth hereinabove and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the plaintiff, Cheryl Clark, for reconsideration of the court's August 2, 2013 Memorandum Opinion and Order (DN 20) is **DENIED** and the decision of the court denying remand will stand.

**IT IS SO ORDERED.**

November 26, 2013

**Charles R. Simpson III, Senior Judge**
**United States District Court**